Arnold L. **MESHKOV**, M.D., Plaintiff,

v.

**UNUM PROVIDENT CORP.,**
et al., Defendants.

No. 01–CV–2586.

United States District Court,
E.D. Pennsylvania.

July 8, 2002.

Andrew Spirt, Braverman Kaskey & Capprara, Philadelphia, PA, for Plaintiff.

Elizabeth A. (Croke) Venditta, White & Williams, Andrew F. Susko, Philadelphia, PA, for Defendants.

## EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

Arnold Meshkov, M.D. ("Meshkov" or "plaintiff") filed a lawsuit in the Court of Common Pleas of Philadelphia County on February 2, 2000, against defendants, Unum Provident Corporation ("Unum"), Provident Life and Accident Insurance Company ("Provident"), and the Paul Revere Life Insurance Company ("Paul Revere") (collectively "defendants"). On May 25, 2001, defendants removed this action to federal court and on January 7, 2002, Meshkov filed an amended complaint. In that complaint, plaintiff alleges that defendants breached their obligations under insurance contracts, acted in bad faith, engaged in unfair trade practices, and violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.[1] On January 22, 2002, defendants filed a motion to dismiss. Plaintiff responded on February 12, 2002 and defendants submitted a reply 10 days later.

In their motion to dismiss, defendants make four separate requests. They ask that this court dismiss:

(1) Counts I, II, and III of the amended complaint as to Paul Revere on the basis of ERISA federal preemption;

(2) Count IV of the amended complaint as to Provident Life on the basis of non-applicability of ERISA to the contract issued by that company;

(3) Plaintiff's demand in Count IV for punitive, treble, compensatory, and con-sequential monetary damages as improper under ERISA; and

(4) Plaintiff's jury trial demand as to his ERISA claim.

For the reasons discussed below, I will grant in part and deny in part defendants' motion.

### 1. Motion to dismiss Counts I, II, and III as to Paul Revere is denied

In order to survive a motion to dismiss, the plaintiff must provide enough evidence to support his or her claims; however, a plaintiff does not need to demonstrate that he or she will prevail on the merits. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The claim may be dismissed only if the plaintiff cannot demonstrate any set of facts in support of the claim that would entitle him or her to relief. Williams v. New Castle County, 970 F.2d 1260, 1266 (3d Cir.1992). In considering the motion to dismiss, the court must accept as true all factual allegations in the complaint and all reasonable inferences that may be drawn therefrom, construing the complaint in the light most favorable to the plaintiff. See Weiner v. Quaker Oats Co., 129 F.3d 310, 315 (3d Cir.1997).

Defendants urge the court to dismiss Counts I, II, and III ("state law claims") as to defendant Paul Revere on the basis of ERISA preemption.[2] While defendants admit that plaintiff has legitimate state law claims in relation to the individual insurance contract with Provident Life, they argue that because ERISA preempts state law causes of action, Meshkov may not bring state law claims against Paul Revere on the basis of the group insurance policy.

---

1. Plaintiff had an individual disability insurance policy with Provident Life and a group disability insurance policy with Paul Revere. Unum is the parent corporation of both Paul Revere and Provident Life.

2. The parties do not dispute the fact that the policy issued by Paul Revere relates to an employee benefit plan and is subject to ERISA.

ERISA preempts state causes of action. Specifically, the statute provides that the rights and remedies it affords "supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Courts interpret the preemption provision broadly, and include breach of contract claims among those replaced by ERISA. *See Pryzbowski v. U.S. Healthcare*, 245 F.3d 266, 278 (3d Cir.2001).

■ Meshkov does not dispute that his state law claims against defendants are preempted by ERISA in so far as they relate to the group insurance policy issued by Paul Revere. However, in the amended complaint, plaintiff asserts that "[a]t all times material hereto, each of the individual corporate defendants were acting on behalf of one another as agents of each other by and through their employees and representatives." Am. Compl. at ¶ 8. Under this line of reasoning, plaintiff argues that Paul Revere could also be liable on the state law claims in relation to the individual policy issued by Provident Life under the alter ego theory, permitting Meshkov to pierce the veil of distinct incorporation. Though defendants assert that no basis exists for connecting the actions of the individual companies and offer an affidavit in support of this contention, I will deny their motion to dismiss on the basis of ERISA preemption. A plaintiff is not required to specifically plead the alter ego theory. *See Benigno v. Flately*, 2001 WL 113221 at *2 (E.D.Pa., September 13, 2001). Though eventually plaintiff might be unable to prove the necessary elements to prevail on his state law claims against Paul Revere based on the individual insurance policy, Meshkov has made a legally sufficient claim on which this court might grant relief. Therefore, dismissing Counts I, II, and III, against Paul Revere would be premature. However, Meshkov may not proceed with state law claims against Paul Revere or any other defen-

dant based on the group insurance policy. Counts I, II, and III are applicable only to Meshkov's individual policy.

### 2. *Motion to dismiss Count IV as to Provident Life is denied*

■ Defendants ask that the court dismiss Count IV, alleging violation of ERISA, as to Provident Life because the individual policy issued by Provident Life is not part of an employee benefit plan and therefore is not subject to that statute. Plaintiff acknowledges that the individual insurance policy issued by Provident Life does not fall under the auspices of ERISA. Therefore, plaintiff may not pursue an ERISA claim against any of the defendants based upon conduct related to his individual insurance policy. However, as above, Meshkov relies on the assertion that in relation to both his individual and group policies, the defendants acted "on behalf of one another as agents of each other." Am. Compl. at ¶ 8. In the complaint, plaintiff has advanced a legally sound claim. If he proves that Provident Life acted as an alter ego of Paul Revere in handling of the group insurance policy in violation of ERISA, he would be entitled to relief. Therefore, I will deny defendants' motion to dismiss Count IV as to Provident Life.

### 3. *Motion to strike plaintiff's demand for punitive, compensatory and consequential damages in relation to Count IV is granted*

■ Defendants have moved to strike the ad damnum paragraph to Count IV of plaintiff's complaint because ERISA does not provide for the availability of punitive, treble, or compensatory and consequential money damages. In response to defendants' motion, Meshkov indicates that he has not requested these damages in relation to his ERISA count. Though plaintiff

contends the damages clause is proper because it includes all relief sought, including those sought only in connection to the other counts, he acknowledges their unavailability on his ERISA claim. ERISA damages are limited to equitable relief and the law does not provide for legal remedies such as compensatory damages. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255–62, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993); *Wood v. Prudential Ins. Co. of America*, 207 F.3d 674, 685 (3d Cir.2000). Therefore, I will grant defendants' motion to strike the damages clause on Count IV in so far as it requests remedies unavailable under ERISA.

4. *Defendants' motion to strike plaintiff's jury trial demand is denied*

■ Defendants contend that the court should strike plaintiff's demand for a jury trial because ERISA does not permit jury trials. Where a plaintiff seeks the protections of ERISA for purposes of collecting benefits, no right to a jury trial attaches to that claim. *See Pane v. RCA Corp.*, 868 F.2d 631, 636 (3d Cir.1989); *Kuestner v. Health and Welfare Fund*, 972 F.Supp. 905, 914 (E.D.Pa.1997). The court will make the ultimate determination concerning the defendants' ERISA liability. Meshkov, however, is entitled to a jury trial on his other claims, and therefore, I will not strike his demand for a jury trial. As the litigation develops the plaintiff and defendants will have input in developing a trial plan that adheres to the separation between the responsibilities of a jury and of the court in relation to the different allegations contained in the amended complaint.

### *ORDER*

**AND NOW**, this 5th day of July 2002, I **ORDER** that defendants' motion to dismiss (docket entry # 6) is, subject to the limitations as articulated in the above explanation, **GRANTED IN PART** and **DENIED IN PART**:

(1) Defendants' motion to dismiss Counts I, II, and III of plaintiff's amended complaint as to defendant Paul Revere is **DENIED**;

(2) Defendants' motion to dismiss Count IV of plaintiff's amended complaint as to defendant Provident Life is **DENIED**;

(3) Defendants' motion to strike plaintiff's request for punitive, treble, and compensatory and consequential money damages is **GRANTED**; and

(4) Defendants' motion to strike plaintiff's demand for a jury trial is **DENIED**.